No. 750. GRANELLO ET AL. *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. MR. JUSTICE BRENNAN took no part in the consideration or decision of this petition. *Irving Anolik, Irwin Klein* and *Irwin Germaise* for petitioners. *Solicitor General Marshall, Assistant Attorney General Rogovin, Joseph M. Howard* and *John P. Burke* for the United States.

MR. JUSTICE DOUGLAS, dissenting.

There are two issues in this case, relating to entirely separate events. The first concerns the seizure by the police of a lawyer's documents in Pennsylvania from the premises where the lawyer stored them. If we assume that the premises were unlawfully raided by the police, a client's papers seized and used against the client in a criminal prosecution, does the client have standing to move to suppress the evidence? Whether petitioners were clients and Birrell their attorney are questions not fully resolved. But I think they are entitled to a hearing on the issue and on the legality of the search. I cannot, as of now, believe that if a lawyer-client relation is shown and if the search were held to be illegal, the client is without standing to move for suppression of the evidence. The dimensions of the problem are so great, in the setting of the Fourth Amendment and our enveloping regime of police surveillance, that we should put the case down for argument. Another issue, mentioned by my Brother FORTAS, relates to electronic surveillance conducted in Florida. On that, we should at least remand the case for findings on electronic surveillance as suggested by my Brother FORTAS in whose opinion I concur—without prejudice of course to the search and seizure question.

MR. JUSTICE FORTAS, with whom THE CHIEF JUSTICE joins, dissenting.

It is my opinion that certiorari should be granted and the case remanded for a hearing in the District Court with

respect to the electronic surveillance which the Solicitor General has revealed to us. According to the Solicitor General, agents of the Federal Bureau of Investigation on or about May 11, 1962, surreptitiously and by trespass installed an electronic listening device in a "commercial establishment in Florida owned by an acquaintance of petitioner Levine and in which Levine may have had a proprietary interest." The device was in operation for nearly one year. During that time a number of conversations in which Levine participated were overheard. Some of those conversations were between Levine and attorneys representing him in prosecutions for interstate transport of counterfeit securities and for stock and mail fraud, matters then pending in a federal court in Florida.

The Solicitor General represents that this violation of petitioner Levine's constitutional rights had no connection with the present case, which involves a prosecution in New York for failure to file income tax returns for 1956 and 1957. He says that it originated in connection with an FBI investigation relating to the charges for which petitioner Levine was tried and convicted in Florida. See *Rogers* v. *United States,* 334 F. 2d 83 (C. A. 5th Cir.), cert. denied, *sub nom. Levine* v. *United States,* 380 U. S. 915; *Gradsky* v. *United States,* 342 F. 2d 147 (C. A. 5th Cir.), vacated and remanded *sub nom. Levine* v. *United States,* 383 U. S. 265. The Government represents that nothing was overheard which had anything to do with the present criminal tax case, and that neither the Internal Revenue Service nor prosecuting counsel was apprised of the existence of the surveillance. The Solicitor General says that petitioner Levine will be furnished with the logs so that he may take whatever action is appropriate in the District Court in Florida relating to the convictions obtained in that court.

It is entirely possible, perhaps even probable, that the Solicitor General's representations will be validated, and

it may be that no reason will be developed for invalidating the present convictions because of the trespassory espionage or its fruits. But this is "dirty business." *Olmstead* v. *United States,* 277 U. S. 438, 470 (1928) (dissenting opinion of Mr. Justice Holmes). It is important enough for the Solicitor General to call to our attention. And an appraisal of the material and the circumstances by defense counsel may adduce facts affecting the weight to be given the unlawful operation which would never occur to the prosecutor. The prosecutorial eye is, after all, apt to yield an out-of-focus picture, as is the eye of the defense. But in our system we insist upon the perspective developed by both. See *Dennis* v. *United States,* 384 U. S. 855, 875 (1966). In any event, the facts, circumstances, yield, and fruits of the electronic surveillance should be exposed in the record of this case so that we may, at least, be sure that the Government's trespassory surveillance has not infected the trial of these petitioners. Cf. *O'Brien* v. *United States, ante,* p. 345; *Schipani* v. *United States,* 385 U. S. 372 (1966); *Black* v. *United States,* 385 U. S. 26 (1966).