**UNITED STATES of America,**
**Appellee,**

v.

**Salvatore GRANELLO, a/k/a Sally**
**Burns, Appellant.**

**No. 44, Docket 32370.**

United States Court of Appeals
Second Circuit.

Argued Sept. 17, 1968.

Decided Oct. 18, 1968.

Certiorari Denied Feb. 24, 1969.

See 89 S.Ct. 878.

Irving Anolik, New York City, Irving Anolik, Michael P. Direnzo, New York City, for appellant.

John H. Doyle, III, Robert M. Morgenthau, U. S. Attys., for the Southern District of New York, Roger J. Hawke, Asst. U. S. Atty., of counsel, for appellee.

Before MOORE, FRIENDLY and FEINBERG, Circuit Judges.

FRIENDLY, Circuit Judge:

· Salvatore Granello appeals from a denial by Judge Dimock in the District Court for the Southern District of New York, of an application under 28 U.S.C. § 2255 to vacate his conviction for failure to file income tax returns for 1956 and 1957, which we affirmed, 365 F.2d 990 (1966), cert. denied, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458, rehearing denied, 387 U.S. 959, 87 S.Ct. 2072, 18 L. Ed.2d 1340 (1967).

■ On the basis of a letter from Lowell M. Birrell stating that his law firm, Birrell & Larson, "represented Salvatore Granello and George Levine in various matters during the period from 1954 through 1957" and "received many confidential papers and documents in their capacity as attorneys for Messrs. Granello and Levine," Granello seeks to renew the challenge to the use of material from the Birrell records that was rejected on his appeal. The unsworn letter does not even claim that Birrell & Larson were acting as Granello's attorneys in the transaction here at issue and, as Judge Dimock held below, the trial record made "evident that the relations between defendants and Birrell, far from seeming that of clients and attorney, were even more distant than arms length." Moreover, the attorney-client privilege was one of the grounds for exclusion raised on appeal, and we rejected it in holding that the records were admissible against Granello. 365 F.2d at 995–996. Except in extraordinary circumstances not here present, § 2255 may not "be employed to relitigate questions which were raised and considered on the appeal." Castellana v. United States, 378 F.2d 231, 233 (2 Cir. 1967).

■ Granello's second point is that since at the time of the trial the Government had in its possession a 300-page inventory of the voluminous documents seized from Birrell, its failure to make this available to defense counsel denied fundamental fairness. We need not pass on the premise of this argument—that the prosecution has a duty to turn over not merely evidence known to it but its own work product in another case that would assist the defense —although this surely would be occupying new ground. The only items among the Birrell records in which Granello's trial counsel had indicated any interest were the law firm's general ledger and certain checkbooks. Before denying the application the court below directed the Assistant United States Attorney to see whether these were listed in the inventory; the prosecutor reported that the inventory was silent about the ledger and, at the judge's direction, made available to the defense the checkbooks that were discovered. Granello's counsel did not avail himself of the judge's offer to have the inventory checked by the court and made no further application on the basis of the materials he received. Furthermore, as our previous opinion shows, 365 F.2d at 996–997, Granello's former counsel in moving for a new trial availed himself of an indication from Birrell of what supposedly helpful information the files might contain.

Granello's third point is this: In his brief opposing the petition of Granello and Levine for certiorari, the Solicitor General disclosed that from May 1962 to May 1963 the Government had conducted

electronic surveillance by a microphone installed through trespass in a commercial establishment in Florida in which Levine may have had a proprietary interest. The Solicitor General reported that no conversation of Granello had been overheard and that, with respect to Levine, the surveillance covered no conversations related to the instant case, nor to the years here involved, nor any conversations with his attorney in this case. The Supreme Court denied certiorari, three Justices dissenting on the basis that the prosecutor's conclusions should not be determinative and that "the facts, circumstances, yield, and fruits of the electronic surveillance should be exposed in the record of this case so that we may, at least, be sure that the Government's trespassory surveillance has not infected the trial of these petitioners." 386 U.S. 1020-1021, 87 S.Ct. 1369. Granello's § 2255 application sought to accomplish this. Without attempting to decide what kind of overheard conversations would entitle Granello to relief, the district court directed the Government to permit examination of all parts of the logs concerning Granello, Levine, or the handling of the trial. The judge reviewed the logs to make sure that his directions had been carried out; we likewise have done this and are similarly satisfied. Granello does not contend that the logs thus turned over contain anything that was used against him either directly or as a lead or that related to the trial.

■ Granello's complaint concerns the judge's denial of a defense request that, since the tapes had been destroyed, apparently in usual course for reuse, the Government be required to produce for examination the agents who had conducted the surveillance. The request was supported by three affidavits from Levine. Two contained merely conclu-

sory statements that the logs he had seen in Florida mentioned "conversations pertaining to" this case and that those logs were "more complete" than those he examined in New York. The third recited from the Florida logs three passages referring to Granello and said that there had been more. Affidavits of two Florida lawyers corroborated the third affidavit but added nothing to it. In fact the logs turned over to defense counsel did contain the cited passages although under a different date.

Judge Dimock denied the request because of the lack of any showing that the monitoring occurred in a place where Granello was "relying on privacy." The recent broadening of Fourth Amendment protection with respect to electronic surveillance, wrought particularly by Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), will indeed raise new and difficult questions of "standing." As Judge Dimock noted, such a question seems to exist with respect to one of the defendants in Alderman v. United States, see 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 and 392 U.S. 919, 88 S.Ct. 2257, 20 L.Ed.2d 1381 (1968), which will shortly be reargued in the Supreme Court, and the Court's decision may cast significant light upon this problem. While we do not disagree with the district court's views about standing, we thus prefer to rest our affirmance on the basis that, particularly in light of the Solicitor General's representation to the Supreme Court that "neither the existence of the surveillance nor any information overheard was communicated in any manner to the Internal Revenue Service or to government counsel who prosecuted this case," Granello did not raise a sufficient question concerning the incompleteness of the logs to require that the agents be called.

Affirmed.