Joel Simon **MEYERS**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 898, Docket 71–1107.**

United States Court of Appeals,
Second Circuit.

Argued June 21, 1971.

Decided July 27, 1971.

Leon Friedman, New York City (Alan H. Levine, New York Civil Liberties Union, New York City, of counsel), for appellant.

David G. Trager, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., for E. D.N.Y., of counsel), for appellee.

Before FRIENDLY, Chief Judge, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from the United States District Court for the Eastern District of New York (Walter Bruchhausen, Judge) from an order denying a motion made pursuant to 28 U.S.C. § 2255 to vacate a judgment of conviction and sentence imposed upon the appellant for violating the Selective Service Act [50 U.S.C. § 462(a)] by refusing induction into the Armed Forces of the United States. The appellant's initial sentence of four years imprisonment was later reduced by Judge Bruchhausen to three years and six months. His conviction was affirmed by this court on January 28, 1969 [410 F.2d 693] and certiorari was denied, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 255 (1969).

The appellant now seeks to reopen the question of the propriety of the use of the *Allen* charge at his trial, an issue which was fully considered on direct appeal from his conviction, on the grounds that there has been a change in the applicable law in the interim. The case law, however, is virtually uniform in holding that once a matter has been decided adversely to a defendant on direct appeal, it cannot be relitigated in a post-conviction collateral attack.[1] This court commented on the use of section 2255 in a situation where the law is alleged to have changed in United States

---

1. Cf. Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Stein v. United States, 390 F.2d 625 (9 Cir. 1968); Sykes v. United States, 341 F.2d 104 (8 Cir. 1965); cases cited in 2 Wright, Federal Practice and Procedure, § 593, n. 86. In United States v. Thompson, 261 F.2d 809, 810 (2d Cir. 1958), this court noted: "It does seem to us that such re-review of the evidence is not a right to be accorded in this proceeding and that it can produce only confusion and discrimination among defendants if execution of a judicial mandate is thus to be delayed in the hope of inducing some judicial vacillation."

v. Sobell, 314 F.2d 314 (2d Cir. 1963), cert. denied, 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1964):

There is an inevitable attraction in the position that a person convicted of a serious crime should receive a new trial whenever a later decision of the highest court indicates that, with the benefit of hindsight, a different course should have been followed at his trial in any consequential respect. Yet for courts to yield broadly to that attraction not only would cause "litigation in these criminal cases [to] be interminable" 332 U.S. at 182, 67 S. Ct. at 1593, but, in the sole interest of those already convicted of crime, would drastically impair the ability of the Government to discharge the duty of protection which it owes to all its citizens. * * * When a defendant who has been tried fairly in accordance with the law as it was understood at the time seeks judicial relief because of new light on a point of law affecting an aspect of his trial, his request must be balanced against the rightful claims of organized society as reflected in the penal laws. All this is the wisdom behind the doctrine that limits collateral attack on criminal judgment. 314 F.2d at 324–325.

Although several other circuits have recently either prospectively abolished the use of the *Allen* charge, modified its language, or recommended against its continued employment,[2] this court has recently reaffirmed the use of the charge to encourage a verdict in the face of an apparent deadlock in United States v. Hynes, 424 F.2d 754 (2d Cir. 1970):

Absent coercive circumstances outside the charge itself, we are satisfied that the so-called "Allen charge" does not unconstitutionally deprive a defendant of his right to a unanimous verdict rendered upon the conscientious consideration of twelve impartial jurors, notwithstanding the different view

adopted within the last few months in two sister circuits. 424 F.2d at 757.

■ The appellant has failed, therefore, to put forward any compelling reason why the question of the use of the *Allen* charge, previously fully considered on direct appeal, should now be reopened in this collateral proceeding.

The second issue raised by the appellant involves an allegation of unconstitutional discrimination in the sentencing policy carried on in the Eastern District of New York in Selective Service cases. He contends that a number of defendants sentenced in that district who were Jehovah's Witnesses and whose religious beliefs dictated that they refuse to serve in the Armed Forces were permitted to serve two years in certain civilian jobs on a probationary status while this opportunity was denied to defendants convicted of the same offense who were not members of this religious sect. This, appellant alleges, violates his Fifth Amendment due process rights as that Amendment incorporates equal protection guarantees as against the Federal Government.

■ The statistics cited by appellant are, however, at best inconclusive. They appear to indicate only that the alternative of civilian service was for the most part accorded to Jehovah's Witnesses who, having qualified as conscientious objectors, refused to obey an order to report for civilian work which was issued by their draft board, although they would comply with such an order were it issued by a court. It is obviously within the trial court's discretion to treat persons in this situation differently from one who has simply refused to report for induction. The appellant has thus failed to demonstrate any significant policy of religious discrimination.

The order of the district court denying the appellant's motion is, therefore, affirmed.

2. United States v. Brown, 411 F.2d 930 (7 Cir. 1969); United States v. Fioravanti, 412 F.2d 407 (3 Cir. 1969); Sullivan v. United States, 414 F.2d 714 (9 Cir. 1969); Thomas v. United States, (D.C.Cir. November 6, 1970); United States v. Wynn, 415 F.2d 135 (10 Cir. 1969).