**Julio RIVERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 73 Civil 399.**

United States District Court, S. D. New York.

Dec. 28, 1973.

Joseph I. Stone, New York City, for petitioner.

Paul J. Curran, U. S. Atty., for the Southern District of New York, New York City, for United States of America; Don D. Buchwald, Asst. U. S. Atty., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, Julio Rivera, convicted together with Reinaldo Caraballo of selling cocaine in violation of sections 4705 and 7237(b) of Title 26, moves pursuant to 28 U.S.C., section 2255, to vacate his judgment of conviction. The essence of the evidence against Rivera was that he introduced Caraballo to an undercover agent for the purpose of making the illicit sale, following which Caraballo made two separate sales of cocaine to the agent.

This motion, made two years after Rivera's conviction was affirmed upon appeal, is based upon a claim of ineffective assistance of counsel in that the lawyer (1) refused to subpoena one William Delgado to testify at the trial on petitioner's behalf; (2) failed prior to trial to investigate petitioner's claim that Delgado was present at the time of the introduction by petitioner of Caraballo to the undercover agent, and that Caraballo's testimony would have corroborated petitioner's testimony that the introduction was not for the purpose of a narcotics sale, but related to gambling activities—that Delgado's testimony "would have cleared" petitioner of the charge; and (3) incompetently conducted the defense at the trial.

The undercover agent testified at the trial that prior to January 16, 1969 he had met Rivera on several occasions and discussed a connection for the sale of narcotics; that on January 16 he, in the company of another agent, again met with Rivera, who entered their car and said he would introduce the agents to a man who would sell them cocaine, following which Rivera left the car, went to the National Maritime Union and returned to the car with the codefendant Caraballo, who he there introduced to the agents as the cocaine seller, and all left the area in the car. Thus, according to the government's version no other person was present at the time of the introduction of Caraballo, which took place outside of the National Maritime Union Hall.

Petitioner alleges that he gave the name of his friend Delgado to the attorney who failed to investigate Delgado's whereabouts and refused to subpoena him at the trial. The attorney, now a professor of law at a midwestern law school, filed an affidavit stating that the files of the Legal Aid Society, with which he was then associated, indicate petitioner at their initial interview mentioned there was a witness to his conversation with the government agents, but that petitioner was unable to identify the witness by name. The attorney also denied other allegations of incompetence levelled against him. In the light of the conflict, and to assure petitioner an opportunity to present all his claims, this court designated counsel to represent

him and ordered a hearing, which has now been concluded. Those who testified at the hearing were petitioner, William Delgado, and Lawrence Kessler, the attorney.

First, as to the trial itself: relief upon a claim of inadequacy of counsel may be had only upon a showing that the representation has been so woefully inadequate "as to make the trial a farce and a mockery of justice."[1] Before a conviction may be vacated upon a claim of incompetent representation, it must appear there was a "total failure to present the cause of the accused in any fundamental respect."[2] The trial record attests beyond peradventure of doubt that defense counsel represented petitioner with consummate skill and in every respect measured up to his responsibility as an able advocate for petitioner's cause. Indeed, considering the petitioner's explanation of his introduction of Caraballo to the undercover agent, the record shows the defense was conducted with imagination as well as with ability, and there is not the slightest basis to hold that in any respect the accused's defense was inadequately presented, much less that the trial was "a farce and a mockery of justice."

As to the petitioner's claim that the attorney could not prepare his defense adequately because of lack of communication, since the attorney did not speak Spanish, petitioner had his seventeen-year old son act as an interpreter, and this court, during the course of the trial, observed that petitioner actually understood English fairly well.[3] Moreover, when it appeared at trial that the initial interpreter was not interpreting literally but at times giving answers in the third person, the court, upon consent of government and defense counsel, swore in an experienced new interpreter,

the direct examination was commenced anew, and it is beyond question petitioner understood all matters.[4] The evidence establishes that, upon vague information furnished by petitioner, the attorney caused an investigation to be made of alleged witnesses (other than Delgado), but no witnesses were located; moreover, it does not appear that such witnesses referred to by petitioner had any material information that could be of value to the defense.

Now, as to the witness Delgado: the court finds that on the day of his arrest petitioner mentioned Delgado to the attorney as a friend who was present at the time of his arrest; also that petitioner told the attorney that Caraballo was a friend of Delgado and that he, petitioner, first met Caraballo when he drove him and Delgado from a pier to midtown Manhattan. Significantly, Rivera said there was a witness to the introduction of Caraballo to the undercover agent, but was unable to identify him by name. I accept the attorney's testimony that Rivera never told him that Delgado was present at the meeting when he introduced Caraballo to the undercover agent. Moreover, if Delgado was in fact petitioner's friend, there was no reason why petitioner himself could not produce him at the trial. He was free on bail for a period of more than a year before the trial. He knew Delgado's whereabouts at all times.

Finally, now that Delgado has appeared and testified at this hearing, it appears his testimony would not have corroborated petitioner. To the contrary, it would have no probative value and on the basis of Delgado's testimony here no purpose would have been served in calling him as a witness. Delgado testified he did not hear the conversation upon which petitioner predicates his

1. United States v. Wight, 176 F.2d 376, 379 (2d Cir. 1949), cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).

2. United States v. Garguilo, 324 F.2d 795, 796 (2d Cir. 1963). See also United States v. Currier, 405 F.2d 1039, 1043 (2d Cir.),

cert. denied, 395 U.S. 914, 89 S.Ct. 1761, 23 L.Ed.2d 228 (1969).

3. Cf. United States v. Sanchez, 483 F.2d 1052 (2d Cir. 1973).

4. See trial record, pp. 304–05; see also 284, et seq.

motion; at most, he heard one or two words of no material substance. It is evident that Delgado's affidavit submitted in support of this motion was what was told to him and not what he heard on January 16. His testimony here is at variance with the substance of what is set forth in his affidavit. It is clear that had Delgado testified at the trial it would not have made the slightest difference in the jury verdict.

■ The attorney is also taxed for failure to make pretrial motions. Here, as in other instances, the petitioner quotes freely from leading Supreme Court and other decisions, all of which have no factual relationship to the instant case. Petitioner's counsel, prior to the trial, as required by the then applicable local rules, conferred with the prosecution and obtained all relevant information and particulars to which petitioner was entitled under the Federal Rules of Criminal Procedure.

Petitioner raises other contentions, such as denial of the right to a speedy trial, all of which have heretofore been considered and were raised upon direct appeal.[5]

The lot of a lawyer who has been devoted to a client's cause and then faces charges of incompetency because the facts persuaded a jury to convict is not a happy one. It is made even more unpleasant when reckless charges are made by an ungrateful client. I find in this case that petitioner's charge that the attorney was not only incompetent but that he was "actually in collusion with the Assistant United States Attorney in the handling of this case" particularly vicious and false. This reckless charge is without the slightest foundation. Apart from this court's own observation of the conduct of the defense, it requires no more than a reading of the cold record to establish the high degree of competency and professional skill with which the interests of this petitioner were protected.

The motion is denied.

---

5. *See* Meyers v. United States, 446 F.2d 37, 38 (2d Cir. 1971).