**UNITED STATES of America,**
**Appellee,**

v.

**Angelo V. GRACI, Appellant.**

**No. 74–1158.**

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Sept. 6, 1974.

Decided Oct. 9, 1974.

Gilbert E. Petrina, Harrisburg, Pa., for appellant.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before SEITZ, GIBBONS and GARTH, Circuit Judges.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

On February 1, 1972 the grand jury in the Middle District of Pennsylvania returned Indictment No. 15091 containing three counts. In Count I it charged James N. Markwell and Angelo V. Graci with a substantive violation of 18 U.S.C. §§ 641 and 642, sale of stolen government property. The property consisted of depressant or stimulant drugs, and the sale was allegedly made on April 26, 1967 at Lemoyne, in Cumberland County. In Count II it charged a similar offense at the same place on October 13, 1967. In Count III it charged that in violation of 18 U.S.C. § 371, beginning on April 26, 1967 and continuing to December 31, 1968, Markwell and Graci conspired to violate 18 U.S.C. § 641 by stealing drugs from the Defense Depot, Mechanicsburg, Pennsylvania, and selling them to one James L. Hayes in the vicinity of Lemoyne, Pennsylvania. The two substantive offenses were listed among the overt acts in the conspiracy count.

On the same day as it returned Indictment No. 15091 the grand jury returned Indictment No. 15089 containing a single count charging that on November 13, 1969 at Highspire, Dauphin County, An-

gelo V. Graci delivered seven tablets of Phenmetrazine in violation of 21 U.S.C. §§ 360a(b) and 331(q)(2), which were provisions of the Food, Drug and Cosmetic Act since repealed. The November 13, 1969 transaction was in no way connected with the substantive or conspiracy counts of Indictment No. 15091 since government ownership of the seven tablets is not an element of the offense charged in Indictment No. 15089 and the fact that the stolen property was a stimulant or depressant drug is not an element of the offenses charged in Indictment No. 15091. It is clear that the November 13, 1969 offense charged in Indictment No. 15089 is not of the same or similar character or based on the same act or transaction as the substantive offenses charged in No. 15091. Nor can the November 13, 1969 offense be construed as part of a common scheme or plan with the offenses charged in No. 15091 since that scheme or plan was alleged in the indictment to have ended on December 31, 1968. Thus it is clear that the substantive offense charged in No. 15089 could not under Rules 8(a) or 8(b), Fed.R.Crim.P. be joined in a single indictment with the substantive and conspiracy counts of No. 15091.

During the pretrial stages of both indictments Graci's attorney and an Assistant United States attorney filed a stipulation that Indictments No. 15089 and 15091 be consolidated for the purpose of pretrial motions and pleadings. There was no stipulation that the indictments could be tried together. By an ex parte order dated February 22, 1973 the district court set both cases down for trial on March 5, 1973. Defendant Graci objected, and by order dated March 1, 1973 the district court consolidated the indictments for trial and denied defendants' motion for a severance. This order was erroneous. Rule 13, Fed.R.Crim.P. provides that:

"The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."

The cases proceeded to trial as scheduled on March 5, 1973 and the government offered testimony in support of both charges. Because the government was unable to connect the drugs described in Indictment No. 15091 with the Mechanicsburg Defense Depot, the court granted defendants' motions for judgment of acquittal on that indictment at the end of the government's case. The arguments of counsel at the end of the government's case took place in chambers and were not transcribed (Tr. at 233). Apparently, however, the severance motion was renewed, but the court, instead, instructed the jury with respect to the evidence offered on Indictment No. 15091:

"These matters are now out of the case and I direct you to purge and remove from your minds any testimony or any evidence concerning those incidents and to confine your thinking now to this specific charge, and that is, that on November 13th, 1967, [sic] the defendant, Angelo Graci, did knowingly, wilfully and unlawfully deliver and dispose of depressant or stimulant drugs, that is, seven tablets containing phenmetrazine, in violation of 21 United States Code, Section 360(a) sub section (b). In other words, it would be improper for you to attempt in determining the guilt or innocence of Mr. Graci to even recall any testimony concerning what occurred on April 26th, 1967, in this parking lot. It would be improper for you to conclude that there were some thefts or some losses at Mechanicsburg and somehow this is indicative of the guilt of Mr. Graci on this particular charge." Tr. at 235–36.

Graci then testified in his defense that he had some diet pills for his own use and that at the request of Joan Hayes he gave her some. His direct testimony, if believed, probably would have

negated wilfullness. On cross-examination it was brought out, over objection, that he had first met Joan Hayes through James Markwell, the co-defendant in Indictment No. 15091. It was also brought out that Joan Hayes was in the company of Agent Shumard who was investigating the Mechanicsburg Depot drug shortages. The jury found Graci guilty on Indictment No. 15089.

Graci made a motion for a new trial on a number of grounds, including the improper joinder for trial of the separate indictments and the failure to sever upon entry of the judgment of acquittal on Indictment No. 15091. The district court, in an opinion denying the motion for a new trial, pointed out that it was proper under Rule 8(b), Fed.R.Crim.P. to join both Markwell and Graci in Indictment No. 15091, and that a motion for a severance pursuant to Rule 14, Fed.R.Crim.P. requires a showing of prejudice. The opinion does not discuss Rule 8(a) or Rule 13.

We reverse and remand for a new trial on Indictment No. 15089.

Rule 8 and Rule 13 are, in substantial part, recodifications of a statute which formerly appeared as Revised Statutes § 1024. In McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355 (1896), the Supreme Court held that §

1024's provisions were mandatory, not permissive, and that a misjoinder was ground for reversal.[1] The Notes of the Advisory Committee on Rules with respect to Rules 8 and 13 indicate that they are substantially restatements of existing law. Thus the construction of § 1024 of the Revised Statutes announced in McElroy v. United States, *supra,* still applies. *See* Schaffer v. United States, 362 U.S. 511, 521, 80 S.Ct. .945, 4 L.Ed.2d 921 (1959) (Douglas, J., dissenting). Rule 14 dealing with relief from prejudicial joinder only comes into play after it has first been determined that joinder was permissible under Rule 8 or Rule 13.

The government urges that even assuming there was an improper Rule 13 joinder of the two indictments we should affirm because the error was harmless within the meaning of Rule 52(a) of the Fed.R.Crim.P. There is a disagreement among the circuits as to whether a joinder not permitted by Rule 8 from the very outset can be treated as harmless error. The First,[2] Fourth,[3] Fifth,[4] Seventh,[5] Eighth,[6] Ninth,[7] and District of Columbia[8] Circuits have held, even if read narrowly, that such a misjoinder in violation of Rule 8 cannot be so treated. The Second Circuit has held that it may be.[9] More recently the District of Columbia[10] and the Ninth[11]

---

1. There is a slight, but we think insignificant, difference in the text of Revised Statutes § 1024, quoted in McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355 (1896), from the text of the Act of Feb. 26, 1853, ch. 80, § 1, 10 Stat. 162, from which Revised Statutes § 1024, and ultimately Rules 8 and 13, were derived. *See* 10 Stat. 162.

2. King v. United States, 355 F.2d 700 (1st Cir. 1966).

3. Ingram v. United States, 272 F.2d 567, 569 (4th Cir. 1959).

4. Tillman v. United States, 406 F.2d 930, 933 n. 5 (5th Cir.), vacated on other grounds as to one defendant, denying cert. as to all others, 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969).

5. United States v. Gougis, 374 F.2d 758 (7th Cir. 1967); United States v. Spector, 326 F.2d 345, 351 (7th Cir. 1963).

6. Haggard v. United States, 369 F.2d 968, 973 (8th Cir. 1966), cert. denied, 386 U.S. 1023, 87 S.Ct. 1379, 18 L.Ed.2d 461 (1967).

7. Metheany v. United States, 365 F.2d 90, 95–96 (9th Cir. 1966).

8. Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990, 993 (1966), cert. denied, 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967).

9. United States v. Granello, 365 F.2d 990, 995 (2d Cir. 1966), cert. denied, 386 U.S. 1019, 87 S.Ct. 1367, 18 L.Ed.2d 458 (1967).

10. Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958 (1968), cert. denied, 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384 (1970).

11. United States v. Friedman, 445 F.2d 1076, 1083 (9th Cir.), cert. denied, 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971); United States v. Roselli, 432 F.2d 879, 901 (9th Cir. 1970), cert. denied, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828 (1971).

Circuits may have retreated somewhat from their former holdings. This court has not considered the question.[12]

Rule 52(a), Fed.R.Crim.P. has had a complex evolution. Its earliest explicit statutory predecessor, with respect to post-indictment defects, appears to have been § 269 of the Judicial Code, Act of Feb. 26, 1919, ch. 48, 40 Stat. 1181. It might be argued that the 1919 amendment to the Judicial Code was intended to limit the effect of the successor to § 1024 of the Revised Statutes, and thereby to limit the effect of the Court's opinion in McElroy v. United States, *supra*. But we are dealing with statutory rights expressly conferred. Congress has in Rule 8 and Rule 13 defined the permissible scope of joint trials of offenses and offenders. It has in Rule 14 provided a mechanism for protecting against prejudice even within that permissible scope. It seems a strained interpretation of the harmless error statute that it was intended to dilute statutory protections expressly granted. The view that violations of Rule 8 and Rule 13, cannot be treated as harmless is expressed by Cipes in 8 Moore's Federal Practice ¶8.04 [2] (1965) and by Professor Wright in Wright, Federal Practice and Procedure, Criminal § 144, at 328–29 (1969).

We need not in this case definitively resolve the intention of Congress, however, because in any event the cross-examination of Graci had the effect of tying him to Markwell and thus to the evidence relating to theft from the Defense Depot entirely unrelated to the November 13, 1969 offense. We cannot say that this extraneous evidence had no effect in the jury's deliberations, or that the court's admonition to disregard it certainly was followed by each juror. Thus even if we believed that Rule 52(a) applied, we would still grant a new trial.

Graci urges that we should simply reverse because the trial court erred in refusing to dismiss because of pre-indict-

ment and post-indictment delay. We find this contention to be without merit. Graci also urges that the court erred in allowing witness Joann Wainman to refresh her recollection from a statement made by Agent Shumard and in its charge on entrapment. Since we are remanding for a new trial we note merely that we have found no merit in these contentions.

The judgment of the district court will be reversed and the case remanded for a new trial on Indictment No. 15089.

---

12. *But see* United States v. Grasso, 55 F.R.D. 288, 291 (E.D.Pa.1972).