**UNITED STATES of America, Appellee,**

v.

**Anthony M. NATELLI,
Defendant-Appellant.**

**No. 920, Docket 76–1494.**

United States Court of Appeals,
Second Circuit.

Argued March 9, 1977.
Decided March 28, 1977.

6

Jed S. Rakoff, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. S. D. N. Y., Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Philip A. Lacovara, Washington, D.C. (Hughes Hubbard & Reed, Washington, D.C.; Jay K. Wright, Ronald A. Stern, Washington, D.C., John S. Martin, Jr., New York City, of counsel; Martin, Obermaier & Morvillo, New York City, on the brief), for defendant-appellant.

(Victor M. Earle, III and Cahill Gordon & Reindel, New York City; Howard J. Krongard, William E. Hegarty, Mathias E. Mone, George Wailand, New York City, of counsel), for Peat, Marwick, Mitchell & Co., amicus curiae.

Before SMITH, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

The appellant Anthony M. Natelli is an accountant who was convicted in the United States District Court for the Southern District of New York of making false and misleading financial statements in a proxy statement of National Student Marketing Corporation (NSMC) in violation of section 32 of the Securities Exchange Act of 1934, 15 U.S.C. § 78ff, as well as aiding and abetting those violations, 18 U.S.C. § 2. Joseph Scansaroli, an accountant who worked under Natelli's direction, was a co-defendant. Both were convicted on November 14, 1974 after a four-week jury trial before Hon. Harold R. Tyler, Jr., then a United States District Judge. While Natelli's conviction was affirmed on appeal, Scansaroli's conviction was initially reversed, then later reinstated on the government's petition for rehearing. On Scansaroli's petition for a rehearing the original reversal and remand for a retrial was reinstated. The opinions of this court fully setting forth the facts and the law were

authored by Judge Gurfein and are reported at 527 F.2d 311 (1975), cert. denied, 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976). Natelli then moved for a new trial pursuant to Fed.R.Crim.P. 33, or in the alternative for relief pursuant to 28 U.S.C. § 2255. On October 20, 1976, Hon. Richard Owen, United States District Judge for the Southern District of New York, denied the relief sought in a five-page opinion. This appeal followed.

 Natelli argues that there was insufficient evidence to support his conviction. Specifically, he urges that the United States failed to establish that a letter signed by Thomas Mullen, an executive of Eastern Airlines, "committing" his company to purchase NSMC services was false and misleading and known to be such by Natelli. This collateral attack must be rejected. As found by Judge Owen, the precise issue was raised by Natelli on a motion for acquittal at the conclusion of the government's case and on a motion for a new trial after the verdict in the district court, on his appeal to this court, on his motion for rehearing as well as on the petition for a writ of certiorari. The issue was specifically considered and rejected by Judge Gurfein in his opinion for this court, 527 F.2d at 318–21. Appellant does not dispute this but argues that the rule barring a collateral attack on the disposition of issues previously litigated should yield in the interests of justice. However, the authorities relied upon such as *United States v. Loschiavo,* 531 F.2d 659 (2d Cir. 1976) and *Robson v. United States,* 526 F.2d 1145 (1st Cir. 1975) involve situations where there was an intervening change of law after the initial decision was reached. See *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). There is no such circumstance here and we find no reason to depart from the case law that once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under section 2255. *Meyers v. United States,* 446 F.2d 37, 38 (2d Cir. 1971); *United States v. Granello,* 403 F.2d 337, 338 (2d Cir. 1968), cert. denied, 393 U.S. 1095, 89 S.Ct. 878, 21 L.Ed.2d 785 (1969).

Appellant's second argument is equally unpersuasive and is analyzed in Judge Owen's opinion below. Natelli claims that the government presented an "erroneous version" of the facts to the jury in arguing that one of the indications that the so-called Eastern Airlines commitment was phony or fraudulent was its sudden production at 3 a. m. on the morning of August 15, 1969 in the office of a printer when Natelli deleted the Pontiac commitment and substituted Eastern in the nine-months earnings statement. The incident and its patently irregular circumstances are fully discussed in Judge Gurfein's opinion under the heading "B. *The False Nine-Months Earnings Statement*", 527 F.2d at 317–18. Some eleven months after Natelli's trial, Cortes W. Randell, former president of NSMC, testified as a witness in criminal proceedings brought against Thomas E. Mullen, the author of the Eastern commitment letter in issue. Randell testified that NSMC had made a proposal to Eastern prior to the end of May 1969 and that Mullen, having expressed a desire to proceed with the program followed up with the letter upon which Natelli allegedly relied. Natelli argues that since Randell was a government witness in the Mullen trial, the United States must have known the facts and therefore its position at the Natelli trial that the letter was "phony" was misleading. It is urged this new evidence justified a new trial.

 The argument is without merit. In the first place, it can hardly be considered new evidence under Rule 33. It is basic that a defendant seeking a new trial must establish that the newly discovered evidence could not with due diligence have been discovered at or before trial. *United States v. Stofsky,* 527 F.2d 237, 244 (2d Cir. 1975), cert. denied, 429 U.S. 819, 97 S.Ct. 65, 66, 50 L.Ed.2d 80 (1976). The fact is that Natelli testified at his own trial that he had advised Randell previous to August 15, 1969 that the Pontiac commitment would be disallowed and that Randell made mention of the fact that Eastern had made an oral commitment prior to the expiration of the nine-month period involved in the audit. The evidence cannot now be claimed

to be new. If Natelli wished to obtain the corroboration of his version of the facts, he could have called Randell as a witness. In fact, his counsel admittedly made a tactical decision not to call Randell. Hence it cannot be deemed to be new evidence. There was no obligation on the part of the United States to call Randell as a witness to support Natelli's version of the facts.

Nor is there any merit to the contention that on the basis of this subsequent testimony the government's version of the Eastern Airlines retroactive inclusion of expected earnings was erroneous. This assumes, of course, that Randell's testimony was accurate. He was an admitted swindler and briber who was a hostile witness in the subsequent proceedings. As we have indicated, he was never called to corroborate the defense's version at Natelli's trial. His later admissions, if anything, fortify the position of the government that the Eastern commitment was in fact totally fraudulent. It was produced by reason of bribes to Mullen and was accompanied by a "side agreement" permitting Eastern to cancel on 30 days notice prior to December 31, 1969. Randell in fact pleaded guilty to conspiracy and fraud prior to Natelli's trial and, as the court found below, the transcripts of the allocutions of Randell and Kelly (a co-defendant) were available to Natelli on trial. These transcripts disclosed the existence of the "side agreement," making Natelli's argument that both he and his jury were unaware of this possible flaw in the Eastern commitment ring hollow. There is no claim here of suppression of evidence by the government or perjury by government witnesses. Upon analysis, Natelli's argument is reduced to the claim that he is entitled to a new trial to produce the testimony of Randell which in our view is at best questionable, was previously available and in any event would not be of any significant assistance to Natelli. The order below is therefore affirmed.