861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
May L. BAVERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-3981.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1988.
 
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 May L. Bavers appeals from the district court's October 6, 1987 order denying her motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. For the following reasons, we affirm the district court's judgment.
 
 I.
 
 2
 Baver's case previously has been before this court on direct appeal. In United States v. Bavers, 787 F.2d 1022 (6th Cir.1985), we affirmed Bavers's conviction of conspiracy, mail fraud, and interstate transportation of securities secured by fraud. In that appeal, Bavers and coappellants Lowell Bavers, her husband, and Duane French challenged their convictions arising from a scheme to defraud farmers.
 
 
 3
 These parties and others, operating through a corporation, Detroit Steel, Inc., had held themselves out to be engaged in the fabrication and sale of metal farm outbuildings, primarily to the midwest farm trade. Over forty customers testified in the underlying proceeding that they collectively paid Detroit Steel over $200,000 on building orders. Only one former customer ever received any building as promised by Detroit Steel and its agents, and only one former customer ever received any refund.
 
 
 4
 While Bavers did not work full time in Detroit Steel's offices, she served Detroit Steel as an officer, bookkeeper, typist and phone receptionist. On direct appeal, she argued that while she may have told customers that their buildings could not be delivered for false reasons, she had no part in the fraudulent scheme except to type documents as directed by her husband, and that, therefore, the evidence was insufficient to support her conviction. This court rejected that argument, and we upheld her conviction as well as the convictions of her coappellants.
 
 
 5
 Thereafter, on January 22, 1987, Bavers, acting pro se, filed the instant motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of counsel and that her conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to her. The district court denied this motion in an order filed October 6, 1987.
 
 
 6
 This timely appeal followed. Petitioner raises the same two issues on appeal as she pressed in the district court, ineffective assistance of counsel and failure of the prosecution to disclose evidence favorable to the defense.[1] This court must decide whether the district court erred in denying petitioner's section 2255 motion.
 
 II.
 
 7
 A proceeding under 28 U.S.C. Sec. 2255 constitutes an independent and collateral inquiry into the validity of a conviction. United States v. Hayman, 342 U.S. 205, 222 (1952). The Supreme Court has consistently held that a collateral action may not do service for an appeal. See, e.g., United States v. Addonizio, 442 U.S. 178, 185-85 (1979); Hill v. United States, 368 U.S. 424, 428-29 (1962); Sunal v. Large, 332 U.S. 174, 181-82 (1947). In United States v. Frady, 456 U.S. 152, 166 (1982), the Court "reaffirmed the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."
 
 A.
 
 8
 Petitioner argues that the prosecution's failure to disclose that Paul Adams, a man scheduled to testify, was also known as John McIntyre violated Brady v. Maryland, 373 U.S. 83 (1963). We reject this argument.
 
 
 9
 In Brady, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. Indeed, more recently the Court has held that even in the absence of a request, under certain circumstances, the prosecution has a constitutional duty to turn over exculpatory evidence that would raise a reasonable doubt concerning the defendant's guilt. United States v. Agurs, 427 U.S. 97, 106-07 (1976).
 
 
 10
 In the instant case, however, petitioner points to no material evidence favorable to her which had been suppressed by the prosecution. The mere fact that Paul Adams was also known as John McIntyre is not evidence which is material either to petitioner's guilt or to her punishment. Moreover, as we noted in response to a similar Brady argument made by one of petitioner's codefendants on direct appeal, prior to trial the government was not even required to advise defendants that Paul Adams would testify. Bavers, 787 F.2d at 1031. Thus, petitioner's argument is wholly without merit.
 
 B.
 
 11
 Petitioner also argues that she was denied effective assistance of counsel. We reject this argument.
 
 
 12
 In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court set forth the following two-prong test for evaluating claims of ineffective assistance of counsel:
 
 
 13
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 14
 The Court made it clear in Strickland that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." Id. at 697.
 
 
 15
 In the instant case, petitioner points to several instances of alleged ineffective assistance of counsel. Specifically, petitioner faults her counsel for failing to subpoena a certain tax document which allegedly would have shown that all funds attributed to petitioner were subject to a payroll-type deduction and a witness who allegedly would have testified concerning petitioner's naivete, for failing to introduce into evidence a tape recording which allegedly would have impeached one of the prosecution's witnesses and documents which allegedly would have impeached a second of the prosecution's witnesses, and for failing to procure a typewriter expert and a handwriting expert. The district court concluded as follows with respect to petitioner's ineffective assistance of counsel claim:
 
 
 16
 [P]etitioner raises no serious question of ineffective assistance of counsel under the criteria set forth in Strickland. Moreover, my own observation of Mr. Hickey is that he capably performed his duties in [sic] behalf of petitioner, and the record, we believe, supports this conclusion as well. As the United States notes, there were more than forty witnesses as well as other related evidence constituting a formidable case against petitioner.
 
 
 17
 Likewise, petitioner has not persuaded this court that there is a reasonable probability, i.e., a probability sufficient to undermine confidence in the outcome, that, but for her counsel's alleged unprofessional errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. The alleged instances of ineffective assistance of counsel relate to tangential issues and issues which were not seriously in dispute. Therefore, petitioner's argument must fail.
 
 
 18
 For the foregoing reasons, the district court's judgment is AFFIRMED.
 
 
 
 [1]
 Although petitioner expressly states that these are the grounds on which she relies, her brief also can be construed as challenging the sufficiency of the evidence. This challenge was not made in the district court. We have declined to review arguments not raised initially in district court in the interests of judicial economy and finality of judgments, and mindful of our function as an appellate court. See Sigmon Fuel Co. v. Tennessee Valley Auth., 754 F.2d 162, 164-65 (6th Cir.1985). In any event, petitioner's argument was rejected on direct appeal and will not be reviewed again in collateral proceedings. See United States v. Natelli, 553 F.2d 5, 7 (2d Cir.) (per curiam), cert. denied, 434 U.S. 819 (1977); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975)