Aastra v. Jones, et al.                    CV-03-487-SM  02/09/05
                        UNITED STATES DISTRICT COURT

                         DISTRICT OF NEW HAMPSHIRE


Aastra Technologies Limited;
and Aastra Telecom U.S., Inc.,
     Plaintiffs

     v.                                    Civil No. 03-487-SM
                                           Opinion No. 2005 DNH 015
Douglas Jones, an individual
d/b/a 5399-800.com; William
Bailey, an individual; and
Network Design Concepts, Inc.,
     Defendants


                              **O R D E R**


     Plaintiffs have asserted claims for copyright infringement

and theft of trade secrets.  Before the court is Plaintiffs'

Motion to Strike Defendant Bailey's Answer and for Entry of

Default Judgment Against Defendant Bailey, and for Entry of Other

Appropriate Sanctions.  Bailey objects.  For the reasons given,

plaintiffs' motion is granted in part.


     At issue here are interrogatory answers given by William

Bailey on April 5, and May 24, 2004, in which Bailey denied

copying certain software.  After being presented with evidence to

the contrary by plaintiffs, Bailey supplemented his May 24

interrogatory answer, on June 2, 2004, admitting that he had, in fact, copied some if not all of the software in question. In an August 3, 2004, deposition, Bailey admitted that he had made false statements in both his April 5 and his May 24 interrogatory answers.

Plaintiffs now move the court to strike Bailey's answer, to enter default judgment against him, and for other appropriate sanctions. Plaintiffs base their motion on both FED. R. CIV. P. 37 and the court's inherent supervisory powers. Bailey counters that Rule 37 is inapplicable because he has not been accused of violating any court order issued pursuant to Rule 37, and he further argues that his actions do not warrant the extreme sanction of a default judgment. While Rule 37 may or may not apply to the facts of this case, the court possesses inherent power to sanction a party for misconduct during discovery. See Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 (1st Cir. 1985) ("A federal district court must be able 'to protect the administration of justice by levying sanctions in response to abusive litigation practices.'") (quoting Penthouse

2

<u>Int'l Ltd. v. Playboy Enters., Inc.</u>, 663 F.2d 371, 386 (2nd Cir. 1981)).

As it is undisputed that Bailey made material false representations in his April 5 and May 24 interrogatory answers, the only question is the appropriate sanction. Dishonesty is never an acceptable litigation strategy and often will justify the sanction of dismissal or entry of judgment. Default, however, is too harsh a sanction under the circumstances presented here. This is not a case, like <u>Aoude v. Mobil Oil Corp.</u>, 892 F.2d 1115 (1st Cir. 1989), in which a plaintiff filed and vigorously prosecuted a suit based upon a bogus document of his own manufacture. Nor does Bailey's misrepresentation – wrong as it was – rise to the level of the "broader pattern of deceit" pursued by the plaintiff in <u>Hull v. San Juan</u>, 356 F.3d 98 (1st Cir. 2004). In <u>Hull</u>, a personal injury plaintiff: (1) "failed to disclose . . . [three] prior injuries when specifically asked for such information during his deposition," <u>id.</u> at 101; (2) did not mention a relevant diagnosis that resulted from one of those injuries, even when asked about that injury after the defense had independently discovered information about it, <u>id.</u>; and (3)

3

"withheld [medical history] information from his own doctor . . . reducing the likelihood that it would be discovered," id.

Here, by contrast, there was a single misrepresentation - Bailey's false statement that he had not copied the software at issue. Bailey corrected the inaccuracy - albeit in response to incontrovertible evidence produced by plaintiffs - without the intervention of the court. Thus, plaintiffs' prejudice is measurably less than that faced by a defendant who has been obligated to answer a complaint based upon a false document, forced to spend many months to untangle a deceitful discovery response from an untruthful plaintiff, or compelled to engage the power of the court to procure truthful discovery materials. These comparisons are not intended to diminish the wrongful character of Bailey's admitted deceit, but only to provide context in determining the appropriate sanction.

Default judgment is an extreme sanction, and runs counter to this circuit's "strong policy favoring the disposition of cases on the merits." Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995) (quoting Zavala Santiago v. Gonzalez

4

<u>Rivera</u>, 553 F.2d 710, 712 (1st Cir. 1977)) (ruling on defendant's motion to dismiss for want of prosecution). In this case, a lesser sanction is called for. Specifically, Bailey shall not be permitted to contest the element of copying as it relates to either plaintiffs' copyright infringement claim or their trade secret claim. In addition, Bailey shall pay all reasonable attorneys' fees incurred by plaintiffs in uncovering the false statement and obtaining Bailey's correction. Plaintiff's counsel shall advise Bailey of the fees incurred and Bailey shall pay that amount or contest the reasonableness of the amount claimed by pleading, within thirty (30) days of the date of this order.

For the reasons given, plaintiffs' motion for sanctions (document no. 25) is granted in part.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 9, 2005

cc: William Bailey
    John R. K. Gunert, Esq.
    Lawrence K. Kolodney, Esq.
    Daniel E. Will, Esq.

5