**Henrietta KANE, individually and as Administratrix of the Goods, Chattels and Credits of Robert Walter Kane, also known as Robert W. Kane, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
July 27, 1957.

---

49. R. 113.

50. R. 124.

William F. Campbell, Jr., Pearl River, N. Y., for plaintiff.

Paul W. Williams, U. S. Atty., New York City, James R. Lunney, Asst. U. S. Atty., New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Robert Walker Kane was insured under National Service Life Insurance policy No. V 1417–48–20, issued on February 9, 1950, at a monthly premium of $3.20. On February 9, 1955, this policy was renewed for an additional five-year term at a premium of $3.30 per month.

On March 17, 1955, the insured executed VA Form 9–432 requesting payment in cash of any dividends held to his credit on the policy. This request was received by the Veterans Administration on March 21, 1955.

A premium was due on the policy on April 9, 1955, which was not paid.

However, and notwithstanding its receipt as above stated of the insured's

election of March 17, 1955, to take cash payment of dividends, in May 1955, the insured was furnished by the Veterans Administration with another form, Form 9–4459, which advised him that a dividend in the amount of $16.50 was at that time credited to him on the Veterans Administration records which *"will be automatically applied to pay premiums on your insurance a month at a time only if you fail to pay them yourself."* (Emphasis supplied.) The insured was further informed by this notice that "If you wish the balance paid to you in cash, or used for another purpose, complete the reverse side of this form and return the form to this office."

On May 19, 1955, the insured executed the latter form, Form 9–4459 and requested that dividends then due or to become due be paid to him in cash.

Robert Walker Kane was killed in an automobile accident on May 22, 1955.

The latter form, Form 9–4459, was received by the Veterans Administration on May 23, 1955. On that day, the plaintiff in the instant action on the policy, Henrietta Kane, mother of the insured and at all times the beneficiary named in the policy, tendered $10 to the Veterans Administration to cover any unpaid premiums. This remittance was refunded to her, apparently upon the defendant's belief that the policy had lapsed for non-payment of the April 9, 1955, premium.

On May 26, 1955, the Veterans Administration authorized the payment of a dividend credit of $11.35. This sum was computed by the Veterans Administration, after the insured's death, by deducting from the dividends on hand ($16.50) the premiums which became due on February 9, 1955 and March 9, 1955, each in the amount of $3.30. To the balance ($9.90) was added the credit of $1.45 remaining from the 1952 dividend. The plaintiff, ignorant of her rights, cashed a check in this amount received from the Veterans Administration about June 3, 1955, by endorsing her late son's name thereto.

In April 1956, plaintiff attempted to "rescind" the request made by the insured for cash payment of dividends by the insured's having executed Form 9–432 on March 17, 1955, as aforesaid. This "rescission" was not recognized by the Veterans Administration. Plaintiff was unaware of the execution by the insured of the second form, Form 9–4459, until her administrative remedies were exhausted.

After an administrative appeal, the instant action was commenced. On the facts as above stated, plaintiff moves and defendant cross-moves for summary judgment.

The applicable statute[1] provides in part:

"Provisions for * * * dividends from gains and savings refund of unearned premiums, and such other provisions as may be found to be reasonable and practicable may be provided for in the policy of insurance from time to time by regulations promulgated by the Administrator: *Provided further,* That until and unless the Veterans' Administration has received from the insured a request in writing for payment in cash, any dividend accumulations and unpaid dividends shall be applied in payment of premiums becoming due on insurance subsequent to the date the dividend is payable after January 1, 1952."

This statute embodies the Congressional intent that

"when any dividend is payable after January 1, 1952, unless the veteran policyholder has advised the Veterans' Administration in writing that the dividend is to be paid in cash, any dividend accumulated and unpaid at the time a premium is due and unpaid shall be used for the payment of premium. Thus, if a policy is about to lapse for nonpayment of

---

1. 38 U.S.C.A. § 802(f).

98

premium and dividends are payable, the premiums will be paid for such time as the dividends will permit and the policy lapse only when the dividends are exhausted."[2]

It was passed over Veterans Administration opposition.

The statute requires that accrued dividends shall be applied to save policies from lapse for nonpayment of premiums when no demand for cash payment has been received by the Veterans Administration.

 Nothing in the applicable statutes or regulations, however, forbids the Administrator to give an assured the opportunity of relief from a prior expressed election to receive dividends in cash, i. e., a second chance to avail himself of the benefit of 38 U.S.C.A. § 802 (f).

 Such "acts of grace" will be given effect.[3] By sending Robert Walker Kane the latter form, Form 9–4459, in May of 1955 with the advice that his dividends would be applied toward premiums, the Veterans Administrator chose to ignore the insured's prior expressed decision to take dividends in cash. He thereby revived for the insured his statutory right to the application of dividends to premiums due "until and unless the Veterans' Administration has received from the insured a request in writing for payment in cash * * *." The insured's election to receive his dividends in cash was not "received"[4] by the Veterans Administration until the day after the death of the insured. His undisbursed dividends were ample to pay his over-due premiums. Accordingly, the policy was erroneously lapsed for non-payment of premiums.

The Administrator has promulgated a pertinent regulation, viz.:

"(e) A request for payment of dividends in cash or for other disposition will be effective as of the date the request is delivered to the Veterans' Administration: If forwarded by mail, properly addressed, the postmark date will be taken as the date of delivery * * *."[5]

 This regulation is invalid in so far as it purports to change the statutory time for, and condition of, non-automatic application of dividends toward premiums. Congress made *receipt* by the Administrator essential for this purpose. The quoted regulation invalidly attempts to accelerate this to the time of mailing of such a notice where the mails are used.[6]

The plaintiff's motion for summary judgment is granted. The defendant's cross-motion for summary judgment is denied.

Settle an appropriate judgment.

2. U.S.Code, Congressional & Administrative Service (1951), 1435.

3. Cf. United States v. Scoggins, 5 Cir., 1955, 224 F.2d 517.

4. "[R]eceive: To take, as something that is offered, given, committed, sent, paid, or the like; to accept; as to *re-* ceive payment, a gift, a letter, homage." Webster's New International Dictionary (2d Ed.).

5. 38 C.F.R. 8.26.

6. United States v. Zazove, 1947, 334 U.S. 602, 612, 68 S.Ct. 1284, 92 L.Ed. 1601.