# BLACK *v.* UNITED STATES.

No. 1029, October Term, 1965.   Certiorari denied May 2, 1966.—
Rehearing and certiorari granted and case decided
November 7, 1966.

*Hans A. Nathan, Warren E. Magee* and *Bert B. Rand* for petitioner.

*Solicitor General Marshall* for the United States.

PER CURIAM.

In *Davis* v. *United States, post,* p. 927, we today denied the petition for certiorari.   The sole question raised there (but not passed upon by the Court of Appeals because not necessary to its disposition) involved petitioners' claim that conferences between petitioners and their counsel were surreptitiously overheard

and intercepted by law enforcement officials through concealed monitorial devices built into the jail where petitioners were being held for federal authorities. The Solicitor General did not deny the existence of the devices but said that there were no recordings of the conversations in question. He pointed out that since the case has been remanded by the Court of Appeals for a new trial on other grounds, a full exploration of this question could be made on retrial. In the light of these representations we denied the petition for certiorari so that the question might be fully explored at the new trial, as suggested by the Solicitor General.

In the instant case, *Black* v. *United States*, the petition for rehearing now raises a similar question and while *Davis* v. *United States, supra,* is not controlling, its relation is obvious. In *Black* the Solicitor General advised the Court voluntarily on May 24, 1966, after the petition for certiorari had been denied, 384 U. S. 927, but before an application for rehearing had been filed, that agents of the Federal Bureau of Investigation, in a matter unrelated to this case, on February 7, 1963, installed a listening device in petitioner's hotel suite in Washington, D. C. The device monitored and taped conversations held in the hotel suite during the period the offense was being investigated and beginning some two months before and continuing until about one month after the evidence in this case was presented to the Grand Jury. During that period, "the monitoring agents," the Solicitor General advised, "overheard, among other conversations, exchanges between petitioner and the attorney who was then representing him [Black]" in this case. In a supplemental memorandum filed July 13, 1966, the Solicitor General, in response to an inquiry by the Court, stated that the recordings of such interceptions had been erased from the tapes but that notes summarizing and sometimes

quoting the conversations intercepted were available, and that reports and memoranda concerning the same had been made. "Neither the reports nor the memoranda," he reported, "were seen by attorneys of the Tax Division responsible for the prosecution of" this case until January 1964, when in preparing for trial they were included in material transmitted to them; the reports and memoranda of the intercepted conversations were examined by the Tax Division attorneys and retained by them until April 15, 1964, when petitioner's trial began; and the attorneys never realized until April 21, 1966, that any conversations between Black and his attorney had been overheard and included in the transcriptions.

The Solicitor General advised further that the "Tax Division attorneys found nothing in the F. B. I. reports or memoranda which they considered relevant to the tax evasion case." He suggests that the judgment be vacated and remanded to the District Court in which the "relevant materials would be produced and the court would determine, upon an adversary hearing, whether petitioner's conviction should stand." We have sometimes used this technique in federal criminal cases, *United States* v. *Shotwell Mfg. Co.,* 355 U. S. 233. However, its use has never been automatic. Indeed, in *Remmer* v. *United States,* 347 U. S. 227, we found it necessary, despite the hearing in the District Court, to subsequently order a new trial on the merits, 350 U. S. 377. There are other complicating factors here that were not present in *Remmer.* There the judge had been informed of the alleged jury tampering, but here neither the judge, the petitioner nor his counsel knew of the action of the federal agents. Moreover, the Solicitor General advises that the Tax Division attorneys did not know at the time of the trial that conversations between Black and his attorney were included in the transcriptions. In view of these facts it appears that justice requires that a

new trial be held so as to afford the petitioner an opportunity to protect himself from the use of evidence that might be otherwise inadmissible.

This Court has never been disposed to vacate convictions without adequate justification, but, under the circumstances presented by the Solicitor General in this case we believe that a new trial must be held. This will give the parties an opportunity to present the relevant evidence and permit the trial judge to decide the questions involved. It will also permit the removal of any doubt as to Black's receiving a fair trial with full consideration being given to the new evidence reported to us by the Solicitor General.

The petition for rehearing is therefore granted, the order denying certiorari vacated, certiorari granted, the judgment of the Court of Appeals vacated and the cause remanded to the District Court for a new trial.

MR. JUSTICE WHITE and MR. JUSTICE FORTAS took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN, whom MR. JUSTICE STEWART joins, dissenting.

The denial of certiorari in No. 245, *Davis* v. *United States*—where the Court of Appeals for the Fifth Circuit has already ordered a new trial on grounds wholly unrelated to alleged eavesdropping and at which trial petitioners will have a full opportunity to explore their contentions that the Government interfered with their constitutionally protected right to counsel—bears no solid relation to, still less furnishes justification for, what the Court has done in the present case. A brief statement of the circumstances of the *Black* disposition will reveal that in summarily vacating this final conviction and ordering a completely new trial the Court has acted prematurely.

30

In 1964, petitioner Black was convicted in the District Court of federal income tax violations. His conviction was affirmed by the Court of Appeals for the District of Columbia Circuit on November 10, 1965. 122 U. S. App. D. C. 347, 353 F. 2d 885. Certiorari was denied by this Court on May 2, 1966. 384 U. S. 927. Before Black's petition for rehearing was filed here, the Solicitor General filed a memorandum bringing to the Court's attention the fact that in the course of an unrelated criminal investigation Black's hotel suite had been "bugged" by the Federal Bureau of Investigation and conversations between Black and his attorney electronically recorded. The Solicitor General further stated that in consequence of an investigation, instituted by him following his discovery of this occurrence, he was able to represent to the Court that none of the information so procured had been utilized in Black's aforesaid prosecution. In a further memorandum, filed in compliance with a request from this Court, the Solicitor General has represented that it was not until late August 1965 that the Criminal Division of the Department of Justice learned that a listening device had been installed in Black's hotel suite and not until April 21, 1966, that attorneys in the Tax Division, responsible for the prosecution, learned that any conversations between Black and his counsel had been overheard.

The Solicitor General recognizes that Black is entitled to a full exploration of the matter, and to that end suggests that the case be remanded to the District Court for a hearing and findings on the episode in question as it may bear on the validity of Black's conviction. Black responds that this course is inadequate and contends that this Court should, without more, forthwith order dismissal of the indictment in this income tax prosecution.

Without anything more before it than the representations made by both sides, the Court today orders a totally

new trial in spite of the fact that the disclosures commendably made by the Solicitor General reveal no use of "bugged" material in Black's prosecution, and no knowledge by prosecuting attorneys that material may have been improperly obtained. I agree, of course, that petitioner is entitled to a full-scale development of the facts, but I can see no valid reason why this unimpeached conviction should be vacated at this stage. In *Davis, supra,* exploration of the alleged eavesdropping episode is appropriate upon the retrial of the case since the original conviction has already fallen on other grounds. In the *Black* case, however, a new trial is not an appropriate vehicle for sorting out the eavesdropping issue because until it is determined that such occurrence vitiated the original conviction no basis for a retrial exists. The Court's action puts the cart before the horse. The orderly procedure is to remand the case to the District Court for a hearing and findings on the issues in question. See *United States* v. *Shotwell Mfg. Co.,* 355 U. S. 233. See also *Remmer* v. *United States,* 347 U. S. 227, 350 U. S. 377. Unless and until the facts on this issue have been resolved and their legal effect assessed favorably to petitioner, this conviction should remain undisturbed.

The only basis I can think of for justifying this decision is that any governmental activity of the kind here in question *automatically* vitiates, so as at least to require a new trial, any conviction occurring during the span of such activity. But I cannot believe that the Court, without even briefing or argument, intends to make any such sweeping innovation in the federal criminal law by today's peremptory disposition of this case.