O'BRIEN ET AL. *v.* UNITED STATES.

No. 823.   Decided March 20, 1967.

*Philip A. Gillis* for O'Brien and *Ivan Barris* for Parisi, petitioners.

*Solicitor General Marshall, Assistant Attorney General Vinson, Beatrice Rosenberg* and *Mervyn Hamburg* for the United States.

PER CURIAM.

The petition for a writ of certiorari is granted, judgment vacated and the case is remanded to the United States District Court for the Eastern District of Michigan for a new trial should the Government seek to prosecute petitioners anew.   *Black* v. *United States,* 385 U. S. 26.

MR. JUSTICE HARLAN, whom MR. JUSTICE STEWART joins, dissenting.

Petitioners in this case, Charles O'Brien and Thomas Parisi, were convicted on several counts of removing merchandise from a bonded area under the supervision of the United States Customs Service, in violation of 18 U. S. C. § 549.   The items involved were, on the first count, applicable only to petitioner O'Brien, 14 cases of marble slabs; on the second count, a marble statue of St. Theresa; on the third count, 21 cases of valves and valve handles.

The issues raised in the petition for certiorari involve questions as to the sufficiency of the indictment and alleged errors at trial, none of which could well be deemed worthy of review by this Court.   However, the

Solicitor General in his response commendably notified the Court that pursuant to a general review of the use of "electronic eavesdropping or wiretapping," he discovered that a microphone had been installed in a commercial establishment owned by an acquaintance of petitioner O'Brien. A conversation in which O'Brien participated, occurring after the indictment and concerning his forthcoming trial, was overheard. The Solicitor General characterizes the episode as follows: "That conversation, although overheard by the monitoring agents and summarized in their logs, was not mentioned in any F. B. I. report nor were its contents communicated to attorneys for the Department of Justice, including those who prosecuted this case."

The Solicitor General further revealed a later conversation which he characterizes as follows: "It also appears from the logs of this surveillance . . . that petitioner O'Brien was on the premises and was overheard in January 1964, when he placed a telephone call and requested one of his attorneys to file an application relating to the territorial conditions of his release on bail. This conversation, like the one in May 1963, was noted in the logs of the monitoring agents but was not communicated in any manner outside the F. B. I." (Footnote omitted.)

On the basis of these representations the Solicitor General indicated that he would "not oppose" a remand of the case for an adversary hearing as to the effect of this activity on the validity of petitioners' convictions. The Court, however, without a word of explanation, vacates the convictions and remands the entire case for a new trial. I must respectfully but emphatically dissent.

As I stated in dissenting from a similar disposition in *Black* v. *United States*, 385 U. S. 26, 31: "I agree, of course, that petitioner is entitled to a full-scale development of the facts, but I can see no valid reason why this unimpeached conviction should be vacated at this

stage. . . . [A] new trial is not an appropriate vehicle for sorting out the eavesdropping issue because until it is determined that such occurrence vitiated the original conviction no basis for a retrial exists. The Court's action puts the cart before the horse."

In *Black* the Court's disposition might conceivably be accounted for by the fact that the Government admitted that the contents of the recorded conversation had been incorporated in memoranda used by the prosecuting attorneys.* In the present case, however; I can think of no justification for going beyond the position of the Solicitor General and forcing the Government to go through the effort and expense of an entirely new trial on the basis of this peripheral, totally insignificant, and uncommunicated eavesdropping. As in *Black,* I consider the Court's action quixotically precipitate.

I would deny this petition for certiorari, but, given the Solicitor General's acknowledgment that electronic eavesdropping or wiretapping did in fact take place, I would remand the case to the District Court for a full hearing as to the circumstances and effects of these activities.

---

*In *Schipani* v. *United States,* 385 U. S. 372, the Court properly vacated the conviction because the Solicitor General conceded that evidence used at trial was tainted.