UNITED STATES of America, Plaintiff,

v.

Fred B. BLACK, Jr., Defendant.

Cr. Nos. 650–63, 651–63.

United States District Court
District of Columbia.

Feb. 23, 1968.

Charles J. Alexander, Reginald W. Gibson, Department of Justice, Washington, D. C., for the Government.

Hans A. Nathan, Thomas A. Wadden, Jr., Peter Taft, Washington, D. C., for defendant.

WILLIAM B. JONES, District Judge.

## MEMORANDUM AND ORDER

In 1964 defendant, after a trial by the Court and jury, was convicted of federal income tax violations. His conviction was affirmed by the United States Court of Appeals for the District of Columbia Circuit in November 1965. Black v. United States, 122 U.S.App.D.C. 347, 353 F.2d 885. On May 2, 1966 the Supreme Court denied certiorari. 384 U.S. 927, 86 S.Ct. 1444, 16 L.Ed.2d 530. Prior to the filing of Black's petition for a rehearing, the Solicitor General filed a memorandum with the Supreme Court advising it that agents of the Federal Bureau of Investigation, in a matter unrelated to this tax case, conducted an electronic surveillance of Black's rooms in a Washington, D. C. hotel during a period extending from two months before until one month after the evidence in this case was presented to the Grand Jury. The memorandum stated that an investigation by the Department of Justice of this eavesdropping indicated that none of the evidence presented to the Grand Jury or used at Black's trial in this case was obtained, either directly or indirectly, from any improper source. The Solicitor General further stated that nothing was learned by Government trial counsel from the monitoring of defendant's discussions with his attorney which had any effect upon the presentation of the Government's case or the fairness of defendant's trial.

In a supplemental memorandum the Solicitor General stated to the Supreme Court that the recordings of the intercepted conversations had been erased from the tapes but that there were available notes summarizing and sometimes quoting the conversations as well as reports and memoranda concerning them. A suggestion made by the Solicitor General was that the Supreme Court could issue a writ of certiorari, vacate the judgment and remand the case to this Court for further proceedings "in which the relevant materials would be produced and the court would determine, upon an adversary hearing, whether petitioner's conviction should stand."

The Supreme Court did not accept the Solicitor General's suggestion but instead remanded this case for a new trial and in doing so stated, 385 U.S. 26, at 29, 87 S.Ct. 190, at 192, 17 L.Ed.2d 26:

> This will give the parties an opportunity to present the relevant evidence and permit the trial judge to decide the questions involved. It will also permit the removal of any doubt as to Black's receiving a fair trial with full consideration being given to the new evidence reported to us by the Solicitor General.

Upon remand defendant has filed motions for discovery, to suppress evidence, for a bill of particulars and to dismiss the indictments. The Government voluntarily made available to defendant certain materials, including the notes summarizing and sometimes quoting the conversations intercepted through the electronic eavesdropping of Black's rooms in the Sheraton-Carlton Hotel, Washington, D. C. Those notes are known here as surveillance logs and have been received in evidence as defendant's exhibits 2, 2a, 2b.

Hearings have been held on defendant's motion for discovery at which agents of the Federal Bureau of Investigation (F.B.I.) have testified, documents have been received in evidence and

Government counsel has made certain statements. As a result of the evidence and statements it has been ascertained that the electronic surveillance of defendant's Sheraton-Carlton Hotel rooms was, conducted from February 8, 1963 to and including April 25, 1963, by F.B.I. agents assigned to the Washington Field Office of that agency. The agents who monitored the conversations would either note the substance of the conversations or quote them in the logs. The Special Agent in charge of the Washington Field Office would take from the logs the material information recorded and make it known to the Headquarters Office of the F.B.I. through written communications addressed to the Director. Such paper writings are designated as "airtels" and they are lodged in the Headquarters' file. When the Special Agent in charge of the Washington Field Office believed that information gained from the monitored conversations might lead to other information at other places he would send copies of the airtels to the F.B.I. field offices where such places were located. If further information was developed it would be made known in airtels to the Washington Field Office and Headquarters. That information would also be placed in the F.B.I. Headquarters' file.

Since all of the information obtained either directly or indirectly from the monitored conversations was to be found in the Headquarters' file, I directed Government counsel to make those files available to the Court for an *in camera* inspection. Only through such an inspection could this Court decide whether any of the information collected related to issues in this case. Black v. United States, 385 U.S. 26, 29, 87 S.Ct. 190, 17 L.Ed.2d 26. See also Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L.Ed.2d 962 (decided January 29, 1968).

██ Pursuant to this Court's direction, the Government has made available the Headquarters' file. It is found in Government's exhibits 46a through 46p, as marked for identification. I have, in chambers, read the file in its entirety and I have concluded that certain material found therein is to be made available to the defendant. That material I have indicated in blue pencil; it is to be reproduced by Government counsel and in open court turned over to defendant's counsel. It will be found in the following exhibits at the pages noted.

46b—19

46b—27

46b—39

46b—82

46b—83

46c—1—2

46c—13—15

46c—25

46c—32

46c—58

46c—65

46c—87

46c—88

46c—89

46c—134

46c—149

46c—175, 176, 177

46c—189

46c—208

46c—218

46d—5, 7, 17, 57

46d—218—219

46d—226

46e—118, 135, 150, 151, 152, 153, 154, 156

46e—249, 252

46e—254, 255

46f—245, 267

46f—319, 343, 344

46n—58, 62, 63, 64, 66, 67, 71, 74, 75, 76, 77

46n—139—142

46n—214.1

46o—103, 104, 108, 109

Government's exhibit 34a for identification (being the same as defendant's exhibit 12 in evidence) is a series of "airtels" after portions were excised as directed by the Court. They have here-

**38**

tofore been furnished defendant's counsel. Copies of those "airtels" which are found in Government's exhibits 46a through 46p, for identification, are not included in the documents above referred to since they would only be duplications of the material in Government's exhibit 34a for identification (defendant's exhibit 12 in evidence). And for the same reason the "airtels" which are found in defendant's exhibit 6 in evidence are not duplicated in any of the above enumerated documents.

The Court has been informed that counsel for defendant here has received the logs of the electronic surveillance of the rooms or office of Edward Levinson in the Freemont Hotel, Las Vegas, Nevada. Those logs were made available as the result of certain of defendant's counsel representing another party in another action. Counsel for the Government and counsel for defendant here have stated in open court that I need not review those logs so far as the motion for discovery is concerned.

There was also electronic surveillance of conversations in the office of Benjamin Sigelbaum in Miami, Florida. Government counsel has advised the Court that certain portions of the logs of that surveillance together with some material from related "airtels" and reports have been furnished defendant's counsel. (Government's exhibits 36 and 39 for identification.) In addition the Government has lodged with the Court what is represented to be all the logs of the Sigelbaum surveillance together with supporting documents. (Government exhibits 37, 37a, 37b, 37c, 37d, 37e for identification.) Defense counsel has requested the Court not to read those logs and supporting documents. I will not do so not only because of that request but also because of the ruling I am about to make.

■ In United States v. Baker, 262 F.Supp. 657 (1966).[1] Judge Gasch of this Court ruled that Baker had not established any special standing with respect to Levinson's offices in the Freemont Hotel, Las Vegas, Nevada, or the offices of Sigelbaum in Miami, Florida. Here defendant Black has established no better standing as to those offices than did Baker.[2] Judge Gasch held that Baker was only entitled to the recorded conversations in which he was a participant in those offices. Black is equally entitled to the recorded conversations in those offices in which he was a participant and the Government shall furnish his counsel with logs and any other documents setting forth such conversations. Moreover, if the Government is in possession of any other conversations, recorded as the result of any electronic surveillance of any other place, in which Black was a participant, his counsel shall be furnished logs and any other documents setting forth such conversations.

■ As a result of my *in camera* inspection of the documents above referred to, I have ascertained that, as a result of electronic surveillance, there are some recorded telephone conversations in which Black participated. In those cases the voice monitored was not that of Black but the spoken words recorded evidenced the fact that it was Black who was engaged in the conversation from some distant point. The Government shall make available to defendant's counsel all such spoken words recorded.

Moreover, in the interest of affording Black all reasonable discovery, the Government shall make available to defendant's counsel all recorded conversations monitored when Black was known to the Government to be present at the place of the conversations even though he was not a participant in the conversations.

1. Baker is presently appealing his conviction to the United States Court of Appeals for the District of Columbia Circuit.

2. With respect to the Sheraton-Carlton Hotel rooms, the Government has recognized Black's standing and has voluntarily given defendant's counsel all of the logs of the electronic surveillance of those rooms. (Defendant's exhibits 2, 2a, 2b.)

Government counsel has lodged with the Court and has had marked for identification a large number of documents and materials which have not been referred to above. Of these defense counsel have seen Government's exhibits marked for identification as Nos. 26, 27, 28, 29, 30, 31, 32, 33, 39 and 45. Of the remaining Government exhibits for identification those numbered 1 through 24 were also found in the F.B.I. Headquarters' file and have been examined by me *in camera*. Government's exhibit 40 for identification is but a list of what Government's 1 through 24 purport to be. Government's exhibit 41 for identification is also a part of the Headquarters' file and has been examined by me *in camera*. The documents listed in Government's 42 and 43 for identification have been examined by me *in camera* since they were a part of the Headquarters' file. Government exhibits 38 and 44 marked for identification have been examined by me *in camera*. After certain portions were excised at my direction, Government's exhibits 25 and 34 for identification were furnished defendant's counsel.[3]

## ORDER

It is this 20th day of February, 1968, ORDERED THAT:

1. Government's counsel furnish to defendant's counsel in open court the indicated portions of Government's exhibits 46b, 46c, 46d, 46e, 46f, 46n, 46o, as marked for identification;

2. Government's counsel furnish to defendant's counsel in open court:

(a) logs and any other documents setting forth all conversations in which defendant was a participant and which were recorded either verbatim or in substance as the result of electronic surveillance of any place, including the offices of Edward Levinson, Freemont Hotel, Las Vegas, Nevada, and the offices of Benjamin Sigelbaum, Miami, Florida;

(b) logs and any other documents setting forth all telephone conversations, recorded verbatim or in substance as the result of electronic surveillance, in which Black participated even though the words spoken by him were not intercepted;

(c) logs and any other documents setting forth all conversations, recorded verbatim or in substance as the result of electronic surveillance, during which defendant is known to the Government to have been present although he did not participate in the conversations.

---

3. Government's exhibit 35 for identification, portions of which were voluntarily furnished defendant's counsel by the Government, consists of parts of the Freemont Hotel, Las Vegas, Nevada, electronic surveillance and two "airtels" re-

lating to that surveillance. As noted above defendant has a very limited standing with respect to that surveillance and has indeed received more than he was entitled to through his counsel possessing all of the logs of that surveillance.