IN RE BERG ET AL.

No. A–460.   Decided November 2, 1972

MR. JUSTICE DOUGLAS, Circuit Justice.

The Court of Appeals granted a stay in this case until 5:30 p. m. (P. s. t.) today.   While the application was filed here October 28, 1972, I did not desire to act until the Solicitor General had time to respond.   His response came in yesterday afternoon.

My conclusion is that the case is analogous to the *Ellsberg* case (*Russo* v. *Byrne,* No. 72–307, O. T. 1972) now before the Court; but is more particularly related to *Black* v. *United States,* 385 U. S. 26, and *O'Brien* v. *United States,* 386 U. S. 345.

The issue of electronic surveillance in the present case raises questions under the Sixth as well as the Fourth Amendment.   Central is the question whether the unawareness of the prosecution is sufficient to bring to an end the judicial inquiry or whether some diligent search of the prosecution is necessary.*   In *Black* a new

---

*While the prosecution filed affidavits that none of applicants' conversations was "bugged," there had been no search for any conversations of their attorneys.   It would seem that a client is an "aggrieved" person within the meaning of 18 U. S. C. §§ 2510 (11) and 3504 (a) (1) when and if the conversations of his attorney are "bugged" and used against him.

trial was ordered even though the prosecutor did not know he had in his possession attorney-client conversations and even though none of them was used.

I have concluded to grant a stay, good until the matter can be presented to the full Court and until the Court acts on it.