Michael D. POULIN, Petitioner-Appellant,

v.

J. B. GUNN, Warden, Respondent-Appellee.

No. 76–2012.

United States Court of Appeals, Ninth Circuit.

Feb. 24, 1977.

As Amended on Denial of Rehearing Feb. 22, 1977.

Michael D. Poulin in pro. per.

Peter R. Silten, Clifford K. Thompson, San Francisco, Cal., for respondent-appellee.

Before CHAMBERS and CHOY, Circuit Judges, and BELLONI,* District Judge.

OPINION

PER CURIAM:

In his petition for habeas corpus relief, Michael Poulin claims that the incriminating in-court statements to which the bailiff testified were made in confidence to his attorney, and were overheard through the bailiff's eavesdropping. Although the record is bare on this point, if this is true, petitioner's Sixth Amendment rights may have been violated. *Weatherford v. Bursey,* —— U.S. ——, —— —— —— n. 4, 97 S.Ct. 837, 50 L.Ed.2d —— (1977); *Hoffa v. United States,* 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *Black v. United States,* 385 U.S. 26, 87 S.Ct. 190, 17 L.Ed.2d 26 (1966); *United States v. Choate,* 527 F.2d 748, 751 (9th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976); *United States v. Zarzour,* 432 F.2d 1, 3 (5th Cir.1970).

█ In this case, it is not possible to say that the bailiff's testimony was harmless

---

* The Honorable Robert C. Belloni, United States District Judge, for the District of Oregon, sitting by designation.

beyond a reasonable doubt, *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), or that there is no "reasonable possibility that the evidence . . . might have contributed to the conviction." *Fahy v. Connecticut,* 375 U.S. 85, 86–87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963). We are also unable to conclude that Poulin "waived" this question by his failure to object to introduction of the testimony at trial. The question is of constitutional dimensions, and there is no suggestion that the failure to object amounted to a tactically-inspired, or otherwise deliberate, by-pass of state procedures. *Carmical v. Craven,* 457 F.2d 582, 584 (9th Cir.1971), *cert. denied,* 409 U.S. 929, 93 S.Ct. 227, 34 L.Ed.2d 186 (1972). *See Henry v. Mississippi,* 379 U.S. 443, 449–52, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); *Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).[1]

Since Poulin's other contentions are wholly lacking in merit, the cause is remanded to the district court for findings on the narrow question whether the bailiff in the California Superior Court improperly or illegally eavesdropped on petitioner and his attorney in court. In addition, the district court should determine whether the communication was indeed made in confidence, or whether petitioner was engaging in courtroom histrionics for the benefit of the jury. For this purpose, it should determine whether Poulin's remarks could be heard and gestures seen by the jury or any other persons.

If the bailiff improperly overheard the remarks to which he testified, *and* petitioner's remarks were said in a manner calculated to preserve attorney-client confidentiality, the cause should be remanded to the state courts for a new trial. If petitioner fails to carry the burden of proving his allegations, the district court should deny the petition for habeas corpus.

REVERSED AND REMANDED.

---

1. The state protests that to overcome a failure to object properly at trial the prisoner must show "cause" for the failure as well as "actual prejudice," calling our attention to *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L. Ed.2d 149 (1976), which it suggests overruled *Fay, Henry,* and *Carmical, supra,* sub silentio. But *Francis*—as well as its progenitor, *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973)—were confined to pretrial objections to grand jury composition. *See* 425 U.S. at 542, 96 S.Ct. 1708; 411 U.S. at 242, 93 S.Ct. 1577. Moreover, nothing in *Francis* purports to overrule *Fay,* sub silentio or otherwise; quite the contrary, the Court cites that prior case with approval. 425 U.S. at 539, 96 S.Ct. 1708.