Bernard SCHIFTER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 76 C 1985.

United States District Court, E. D. New York.

March 18, 1977.

---

David G. Trager, U.S. Atty., E.D.N.Y. by Gary A. Woodfield, Asst. U.S. Atty., Brooklyn, N. Y., for respondent.

Theo. Rosenberg, Brooklyn, N. Y., for petitioner.

## MEMORANDUM AND ORDER

PLATT, District Judge.

By Notice of Motion returnable at 4:00 o'clock in the morning on October 18, 1976, petitioner has "applied" for "an application made in the interest of Justice pursuant to Title 28 U.S.C. § 2255 for the Court * * to vacate one of two sentences and fines imposed" on him on July 9, 1976.

Following a verdict by a jury finding the petitioner guilty of receiving or transporting a quantity of camera lenses and accessories which had been unlawfully removed from the custody of the United States Custom Service, petitioner knowing the same to have been unlawfully removed, in violation of 18 U.S.C. § 549 (Count 1), and of possession of camera lenses and accessories which had been stolen from a shipment moving in interstate or foreign shipment, petitioner knowing the same to have been stolen, in violation of 18 U.S.C. § 659 (Count 2), this Court sentenced petitioner to two (2) years imprisonment on Count one and ten (10) years on Count two and imposed a $5,000 cumulative fine on each count for a total fine of $10,000. The Court also ordered a study as described in Title 18 U.S.C. § 4208(c) and stated that the defendant's sentence would be subject to modification pursuant to Title 18 U.S.C. § 4208(b).

On appeal, petitioner's judgment of conviction was affirmed by the Court of Appeals for the Second Circuit without opinion and the United States Supreme Court denied certiorari.

Thereafter this Court suspended the execution of the remainder of the prison sentences under counts 1 and 2, placed peti-

tioner on probation for a period of five (5) years on each count to run concurrently, and let the fines stand as originally imposed.

Petitioner now says that his convictions on the two counts should have been merged for the purposes of sentencing or that the indictment was multiplicitous in that the receiving or transporting charge and the possession charge actually constitute only one offense and therefore his sentence under one of the counts of the indictment is in violation of the Constitution and the laws of the United States and must be vacated under 28 U.S.C. § 2255.

■ At the outset, it may be noted that the imposition of a fine alone may not constitute sufficient custody for *habeas corpus* jurisdiction. *Wright v. Bailey,* 544 F.2d 737 (4th Cir. 1976); *Russell v. City of Pierce,* 530 F.2d 791 (8th Cir. 1976); *Edmunds v. Won Bae Chang,* 509 F.2d 39 (9th Cir.), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975); *Pueschel v. Leuba,* 383 F.Supp. 576 (D.C.Conn.1974).

Assuming for the sake of argument that the imposition of *cumulative fines,* coupled with the fact that the petitioner is required to serve concurrent probationary terms, may constitute sufficient prejudice to the petitioner to warrant *habeas corpus* review, petitioner's application is, for the reasons hereinafter indicated, still insufficient in that in this case petitioner was convicted of not one but of two separate crimes.

There are two applicable tests to determine whether the offenses are separate or the same, the first of which was set forth by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299 at page 304, 52 S.Ct. 180 at page 182, 76 L.Ed. 306 (1932), as follows:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

■ In the case at bar, the government had to establish under 18 U.S.C. § 549 that the defendant received or transported the merchandise and that the merchandise was unlawfully removed from Customs custody, whereas under 18 U.S.C. § 659 the government had to establish that the defendant had goods in his possession and that the goods were stolen from a foreign or interstate shipment.

Thus, to obtain a conviction under Count 1 of the indictment, i. e., to show a violation of § 549, the government had to prove unlawful removal from Customs custody, whereas under Count 2 the government was not required to adduce any such proof but was merely required to show that the goods were part of an interstate or foreign shipment. *See United States v. Concepcion,* 419 F.2d 1263 (2d Cir. 1970).

This difference alone is sufficient to meet the so-called "Blockburger test" set forth above.

■ In addition, contrary to petitioner's contention, the proof with respect to receipt on the one hand and possession on the other is different. In order to establish possession the proof must show actual or constructive dominion or control over the object as contrasted to "a passing control" or one that is "fleeting and shadowy in its nature". *United States v. Parent,* 484 F.2d 726, 732 (7th Cir. 1973), *cert. denied,* 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974). *See also United States v. Koran,* 453 F.2d 144, 146 (10th Cir. 1972); *Kane v. United States,* 154 F.Supp. 95, 98 (S.D.N.Y. 1957).

Moreover, in this case the jury might well have found the defendant guilty of both receiving and transporting the merchandise in question since it was recovered from the rear of his automobile only a little more than a month after it was discovered missing from the custody of the United States Custom Service.

Proof to sustain a transportation charge under § 549 is necessarily different than that required to sustain a possession charge. *Aiuppa v. United States,* 393 F.2d 597 (10th Cir. 1968), *r'vsd on other grounds sub nom.,*

*Giordano v. United States,* 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969).

In addition to the different fact test required by the Supreme Court in *Blockburger,* that Court also established a legislative intent test· which requires a determination that Congress intended to create two separate offenses which might be consecutively punishable. *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). *See also United States v. Cedar,* 437 F.2d 1033 (9th Cir. 1971).

In *Gore v. United States, supra,* 357 U.S. at 390, 78 S.Ct. at 1283, the Supreme Court found such an intention in spite of the fact that the several narcotics statutes then being scrutinized reflected "a unitary congressional purpose to outlaw non-medicinal sales of narcotics." The Court noted that the statutes in question were enacted at different times, and that separate punishments were declared for each, and considered these factors indicative of the legislature's intention to punish cumulatively.

Similarly, in the *Cedar* case where the defendant was convicted of stealing trees belonging to the United States in violation of 18 U.S.C. § 641 and unlawfully cutting and destroying. the same in violation of 18 U.S.C. § 1853 and was given consecutive sentences, the Court sustained the convictions pointing out that the two statutes were enacted at different times, that they served as two separate and distinct public purposes, and that they created separately punishable sentences.

So also in the case at bar it is clear that Congress intended § 549 and § 659 of Title 18 to be two separate offenses. Section 659 is part of the Embezzlement and Theft Chapter of the Crime and Criminal Procedure of the United States Code and is based on legislation originally enacted in 1913 (February 13, 1913, c. 50, §§ 1, 2; 37 Stat. 670). The purpose of the section was and is to protect and promote the flow of goods in interstate commerce. *United States v. Berger,* 338 F.2d 485, 487 (2d Cir. 1964).

Section 549, however, was not enacted until 1930, some 17 years later, and it was and is part of the Customs Chapter of the Crimes and Criminal Procedure Title of the Code (June 17, 1930, c. 497, Title IV; § 598, 46 Stat. 752). Its purpose is to protect goods in bonded warehouses or otherwise in Customs custody or control. See *United States v. O'Brien,* 255 F.Supp. 755, 760 (E.D.Mich.1965), *aff'd,* 365 F.2d 601 (6th Cir. 1966), *vacated on other grounds,* 386 U.S. 345, 87 S.Ct. 1158, 18 L.Ed.2d 94 (1967).

█ Thus the statutes in this case were enacted at different times, under different parts of the Code, and have distinctly different purposes, namely: the protection of goods in Customs custody as compared to the protection of the flow of goods in interstate and foreign commerce.

Under the rationale of the foregoing cases, the separate convictions and consecutive sentences in the case at bar are entirely proper.

Petitioner relies on *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976). In short, this reliance is misplaced. In *Gaddis* the Supreme Court held that convictions for a bank robbery under 18 U.S.C. § 2113(a), (b) and (d), as well as for possession of the funds stolen in the robbery in violation of § 2113(c), was improper. The critical difference between *Gaddis* and this case is that here the proof showed violations of completely different and separate statutes which were enacted at two separate times by Congress for separate purposes and with the intent of creating two separate offenses. In *Gaddis,* on the other hand, Congress in enacting § 2113(c) was attempting to reach "a different 'group of wrongdoers', i. e., 'those who received the loot from the robber'" (424 U.S. at p. 548, 96 S.Ct. at p. 1026). Such may not be said to be the situation in the case at bar.

For the foregoing reasons petitioner's application to vacate, set aside or correct the sentence imposed on him by this Court, must be, and the same hereby is, denied.

Parenthetically, it might be noted that petitioner's sentence, as it presently stands,

is disparately lenient when compared to sentences imposed on comparable offenders by this Court. Petitioner, of course, is entitled to have an illegal sentence corrected but in this particular instance he appears to be pressing his good fortune to the limit.

SO ORDERED.