**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 01-4271

NED STEVEN SYDNOR,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-548-AW)

Submitted: May 23, 2001

Decided: June 4, 2001

Before WILKINSON, Chief Judge, and WILLIAMS and
TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Russell P. Butler, DITRANI & BUTLER, L.L.C., Camp Springs,
Maryland, for Appellant. Stephen M. Schenning, United States Attor-
ney, Hollis Raphael Weisman, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ned Sydnor appeals his conviction for two counts of violating 18 U.S.C.A. § 661 (West 2000) based on his theft of the personal property of two employees of the National Institute of Health. The property was stolen from two separate cubicles in the same office on the NIH campus. Sydnor was convicted before a magistrate judge based on his guilty plea; he appealed to the district court, which upheld his convictions and two-year sentence under 18 U.S.C.A. § 4244 (West 2000). Sydnor timely appealed to this Court.[1] Finding no error, we affirm.

Sydnor contends that his indictment was multiplicitous because it charged two separate larcenies for conduct that he contends was a single larceny. An indictment charging a single offense in several counts is multiplicitous, subjecting a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause. *United States v. Colon*, 231 F.3d 890, 908 (4th Cir. 2000); *United States v. Mancuso*, 42 F.3d 836, 847 n.11 (4th Cir. 1994). We review a claim of multiplicity de novo. *Mancuso*, 42 F.3d at 847.

---

[1]The Government contends that Sydnor waived his right to appeal by virtue of his guilty plea. However, Sydnor's counsel referred to the plea as conditional during the plea hearing, and the Government attorney expressly agreed that Sydnor could appeal if the sentence was illegal. Further, the transcript of the hearing before the district court does not reflect that the Government asserted the waiver argument in that proceeding. Finally, a defendant who pleads guilty does not waive his right to challenge an illegal sentence, *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), and Sydnor raises a colorable, though ultimately unsuccessful, argument that his sentence is illegal. Accordingly, we conclude that the appeal is properly before us.

A theft of one owner's property from two places in the same building generally constitutes a single act of larceny. *United States v. O'Brien*, 255 F. Supp. 755, 767 (E.D. Mich. 1965), *aff'd*, 365 F.2d 601 (6th Cir. 1966), *rev'd on other grounds*, 386 U.S. 345 (1967). Further, most states, and the circuits that have addressed the question, have adopted the common law "single larceny" rule, whereby theft of property from two different people in the same place as part of a single continuing scheme or plan constitutes a single crime of larceny. *See, e.g.*, *United States v. Perez*, 956 F.2d 1098, 1102 (11th Cir. 1992); *United States v. Billingslea*, 603 F.2d 515, 520 n.6 (5th Cir. 1979); *State v. Jones*, 543 S.E.2d 541, 543-44 (S.C. 2001); *State v. Jordan*, 495 S.E.2d 732, 735-36 (N.C. Ct. App. 1998); *State v. White*, 702 A.2d 1263, 1266-69 (Md. 1997) (collecting cases); *Richardson v. Commonwealth*, 489 S.E.2d 697, 699-701 (Va. Ct. App. 1997); *State v. Hall*, 298 S.E.2d 246, 256 (W. Va. 1982); 37 A.L.R.3d 1407 (1971 & Supp. 2000) (collecting cases). Sydnor contends that the single larceny doctrine should be applied to his case, and that under that doctrine he has committed only one act of larceny.

In *United States v. Johnson*, 612 F.2d 843, 847 (4th Cir. 1979), this Court found that when a group of conspirators filled their tanker truck with gasoline stolen from a single service station three times on the same night, the conspirators had committed three thefts. Here, as in the construction of other criminal statutes, the Court looked to congressional intent when determining the " appropriate unit of prosecution."[2] *Id.* at 845. The statute at issue in *Johnson*, 18 U.S.C.A. § 659 (West 2000), applied to one who "steals, or unlawfully takes [or] carries away" any "goods or chattels" from an interstate pipeline, tank, or storage facility. 18 U.S.C.A. § 659. The Court concluded that the statute was not intended to punish a course of conduct, but instead was designed to punish each distinct criminal act separately. *Johnson*, 612 F.2d at 847.

The statute at issue here, 18 U.S.C.A. § 661, provides in relevant part:

---

[2]*See, e.g.*, *Bell v. United States*, 349 U.S. 81, 82 (1955); *United States v. Dunford*, 148 F.3d 385, 388-90 (4th Cir. 1998); *United States v. Elliott*, 849 F.2d 886, 889-90 (4th Cir. 1988).

> Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows . . . .

18 U.S.C.A. § 661. As noted above, Sydnor took the property of two people from two separate cubicles, albeit from a single office, in a short period of time. Sydnor had to enter one cubicle, take the items, and carry them away from that cubicle before he could enter the second cubicle and take additional items. Applying the statute to these facts, we conclude that Sydnor, like the defendant in *Johnson*, 612 F.2d at 846-47, committed more than one offense. Accordingly, we conclude that Sydnor was properly convicted and sentenced for two violations of 18 U.S.C.A. § 661.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*